(126 So. 871)

## MERCHANTS' SECURITIES CORPORATION v. CITY OF ATMORE.
### 3 Div. 910.

Supreme Court of Alabama.
Jan. 16, 1930.

Rehearing Denied April 3, 1930.

Ernest A. Vinson, of Atmore, for appellant.

Leon G. Brooks, of Brewton, for appellee.

BOULDIN, J.

The city of Atmore, a municipal corporation, by ordinance undertook to authorize the issue of certain improvement bonds for street paving. Being a city of less than six thousand inhabitants, the ordinance as well as the proposed bonds contained provisions that such bonds should not be the general obligations of the city, but payable only from local assessments against abutting property.

Appellant became the purchaser of the bonds; but a question being raised as to their validity, the present suit was brought to test that question.

The action is to recover the amount bid for the bonds. The plea in general terms denies the authority of the municipality to issue bonds payable only from such local assessments.

The cause was tried upon an agreed statement of facts. Only one question is raised. It is this:

The General Municipal Bond Act of 1927, section 42, General Acts 1927, p. 544, being a re-enactment of section 2227 of the Code, deals with bonds of this class. The parties seem to concur in the view that to issue bonds under this statute, payable only from local assessments, the municipality must have an existing indebtedness in such amount as to preclude the issuance of further bonds as the general obligations of the municipality; in other words, must have reached the debt limit prescribed by section 225 of the Constitution. The conclusion we have reached renders unnecessary a decision as to whether this construction is correct.

It is agreed the outstanding indebtedness incurred by the city equals or exceeds 8 per cent. of the assessed values of the city, the limit of indebtedness of cities of this class under section 225 of the Constitution.

But a question is raised as to the validity of a portion of this outstanding indebtedness represented by warrants or obligations for money borrowed to provide a school building for the city. If these schoolhouse warrants are valid, the debt limit has been reached. If invalid, the city still has power to incur debt, general obligations of the city, to the amount of these street paving bonds. It thus happens that the controlling question, as the parties construe the statutes, turns upon the validity of other obligations held by those not made parties to this suit. Clearly no binding adjudication of that question as between the city and the holders of these schoolhouse warrants can be made. As to the holders of these outstanding obligations, recognized and certified as part of the municipal indebtedness in course of the proceedings to issue the present paving bonds, this is a moot case.

We think sound public policy forbids any litigation of that question as between these parties in the absence of other parties necessary to an effective adjudication.

The defendant having bid off these bonds on proceedings admittedly regular on their face, it is prima facie liable.

Presenting no defense litigable in this suit, judgment was rendered for plaintiff without error.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.